IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TERRENCE CARRUTH, | : | |
| | : | |
| **Plaintiff,** | : | |
| v. | : | Case No. 5:25-cv-163-CAR |
| | : | |
| STATE OF GEORGIA, | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER

Presently pending before the Court is a notice of removal filed by *pro se* Plaintiff Terrence Carruth, an inmate currently confined at the Macon State Prison in Oglethorpe, Georgia (ECF No. 1), removing Plaintiff's state criminal court case to this Court. Plaintiff has also filed two motions for leave to proceed *in forma pauperis* ("IFP") in this case (ECF Nos. 2, 3). As discussed below, this action shall be summarily remanded to the Superior Court of DeKalb County, Georgia, because removal is improper.[1] Plaintiff's motions to

---

[1] To the extent Plaintiff's pleading could be construed as a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254, the Court would lack jurisdiction to address it. Plaintiff is challenging his convictions arising from Case Number 08-CR-2722 in the Superior Court of DeKalb County, Georgia. ECF No. 1 at 1. A review of this Court's records confirms that Petitioner has filed at least one previous federal habeas corpus petition challenging this same conviction; that petition was dismissed as untimely. ECF No. 26 in *Carruth v. Holt*, Case No. 4:15-cv-2948-RWS (N.D. Ga. July 19, 2016) ("*Carruth I*"). Pursuant to 28 U.S.C. §§ 2254 and 2244, as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). It does not appear, and Petitioner does not allege, that he received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this Court to consider a successive habeas

proceed IFP are **DENIED as moot.**

## DISCUSSION

### I.   Factual Allegations

Plaintiff seeks to remove criminal case number 08-CR-2722 from the Superior Court of DeKalb County, Georgia, pursuant to 28 U.S.C. §§ 1443(1), 1441(c), and 1446.[2]  ECF No. 1 at 1.  Plaintiff contends removal is "necessary to halt ongoing violations of his rights under the First, Fifth, and Fourteenth Amendments, supported by the recent overturning of Chevron deference and the need for independent judicial review."  *Id.* at 1-2.  More specifically, Plaintiff contends he "filed numerous post-conviction motions, requests for reconsideration, jurisdictional challenges, and motions to correct errors in the record" that "were systematically ignored or dismissed without review, depriving [Plaintiff] of his constitutional rights to due process, equal protection, meaningful access to the courts, and a fair and accurate judicial process."  *Id.* at 2.  He further contends that his "claims rest

---

petition.  Without this order, the Court would lack jurisdiction to consider the successive claims.  *See* 28 U.S.C. § 2244(b)(3)(A); *Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933-34 (11th Cir. 2001).

[2] Plaintiff also mentions 28 U.S.C. § 1331, which is simply the statute that provides this Court with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1441 provides for the removal of civil cases, and § 1446 governs the procedure for removal of civil cases.  As such, those sections are not applicable here.  Section 1443 allows a state court criminal defendant to remove his criminal prosecution "to the district court of the United States for the district and division embracing the place wherein it is pending" under certain limited circumstances.  Section 1455 sets forth the procedure for removal of a qualifying criminal prosecution, and § 1447 governs the procedure in federal court after removal.

on the improper use of administrative deference to deny him fundamental rights." *Id.* at 3.

## II. Plaintiff's Claims

28 U.S.C. § 1443 explains the substantive requirements for removal of a state court criminal case, and 28 U.S.C. § 1455 governs the procedural requirements applicable to such a removal. Section 1455 requires the Court to examine the notice of removal "promptly," and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). It is plain from the face of the documents submitted by Plaintiff in this case that removal is not permitted and that the Court should summarily remand this case.

First, Plaintiff's request for removal is procedurally deficient. A criminal defendant's notice of removal must "contain[] a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1455(a). Plaintiff did not submit any of this information, nor does he explain his failure to submit any of those documents.

More importantly, a defendant seeking to remove a criminal action must file his notice of removal "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1). Plaintiff acknowledges that he was convicted, and online court records confirm Plaintiff was convicted in 2009. ECF No. 1 at 2; *see also*

3

https://portal-gadekalb.tylertech.cloud/portal/Home/WorkspaceMode?p=0#DispositionEvents [https://perma.cc/NAU8-HH92] (searched "Carruth, Terrence") (last visited Oct. 3, 2025).[3] Section 1443 "permits removal of a criminal action only before trial, and removal is not permitted after conviction." *Muhammad v. Mich. Dep't of Corr.*, Case No. 1:17-cv-68, 2017 WL 743943, at *3 (S.D. Mich. Feb. 27, 2017). Thus, Plaintiff "cannot rely upon the Court's removal power to invoke this court's jurisdiction." *Baker v. Harris Cnty. Dist. Attorney*, Civil Action No.: 6:18-cv-10, 2018 WL 3349699, at *1 (S.D. Ga. July 9, 2018); *see also Muhammad*, 2017 WL 743943 at *3 ("Because removal is not authorized under § 1443, this Court is without jurisdiction to entertain Plaintiff's criminal action at this time."). Plaintiff has also failed to provide the Court with any reason to excuse his late filing. These procedural defects require remand.

Plaintiff's notice also fails to provide adequate substantive grounds for removal.

---

[3] This Court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court may judicially notice such facts "on its own" and may do so "at any stage of the proceeding." Fed. R. Evid. 201(c), (d). Information taken from online state government resources "generally satisf[ies] this standard." *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652-53 (11th Cir. 2020) (holding that "District Court could properly notice the state court docket sheets" found on website for clerk of state circuit court where there was "no reason to think" the docket entries were not accurate and parties were given "opportunity to ask to be heard on propriety of judicial notice"). If Plaintiff believes that judicial notice is not appropriate in this case, he may file a motion for reconsideration on this issue. *See* Fed. R. Evid. 201(e) (stating that "[i]f the court takes judicial notice before notifying a party, the party, on request, is still entitled to be heard" regarding "the propriety of taking judicial notice and the nature of the fact to be noticed"). In accordance with Local Rule 7.6, any such motion must be filed within fourteen (14) days of the date of this Order, and it shall be limited to five (5) pages.

"Removal of state-court criminal prosecutions is permissible in only rare circumstances." *Austin v. Stapleton*, 628 F. Supp. 3d 702, 705 (E.D. Mich. 2022) (internal quotation marks omitted).  These rare circumstances are outlined in § 1443, which provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

Section 1443(2) is not applicable to Plaintiff's claims, as that subsection "confers a privilege of removal only upon" state or federal officers "and those authorized to act with or for them."  *City of Greenwood v. Peacock*, 384 U.S. 824, 824 & n.22 (1966).  Plaintiff has not alleged that he is a federal or state officer or otherwise authorized to act "with or for" such an individual.  He has thus failed to allege that removal is warranted under § 1443(2).  *Taylor v. Phillips*, 442 F. App'x 441, 443 (11th Cir. 2011) (holding removal was not appropriate under § 1443(2) where plaintiff "has not shown that she is a state or federal officer, or working for one").

Removal under § 1443(1) requires satisfaction of a two-part test, and failure to satisfy either prong requires remand to the state court.  *See Baker*, 2018 WL 3349699, at *2.  "First, the petitioner must show that the right upon which the petitioner relies arises

under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Alabama v. Conley*, 245 F.3d 1292, 1295 (2001) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). Such rights do "not include rights of 'general application available to all persons or citizens.'" *Id.* (quoting *Rachel*, 384 U.S. at 792); *see also Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). In other words, "[m]ore general sources of equality rights, like the Due Process Clause, or rights framed in nonracial terms do not suffice." *Fenton v. Dudley*, 761 F.3d 770, 773 (7th Cir. 2014); *see also Conley*, 245 F.3d at 1295-96 (holding that "broad assertions under the Equal Protection Clause or § 1983 . . . are insufficient to support a valid claim for removal under § 1443(1)").

Second, the petitioner must "show that he has been denied or cannot enforce that right in the state courts." *Conley*, 245 F.3d at 1295 (citing *Rachel*, 384 U.S. at 794). "Generally, the denial of the petitioner's equal civil rights must be 'manifest in a formal expression of state law.'" *Id.* (quoting *Rachel*, 384 U.S. at 803). A petitioner must therefore identify "a state enactment, discriminatory on its face, [that] so clearly authorized discrimination that it could be taken as a suitable indication that all courts in that State would disregard the federal right of equality with which the state enactment was precisely in conflict." *Rachel*, 384 U.S. at 804. If the state's action is instead "premised upon a facially neutral state law," the petitioner must show that "the very act of bringing the state court proceedings will constitute a denial of the rights conferred by the federal statute." *Conley*, 245 F.3d at 1296. Either way, "allegations of corruption or unfairness preceding or during a particular court proceeding do not support removal under § 1443(1)[.]" *Id.* at

6

1297; *see also Taylor*, 442 F. App'x at 442-43 ("Blanket charges that a defendant is unable to obtain a fair trial in state court are insufficient to support removal.").

Plaintiff fails to satisfy the first prong of the § 1443(1) test because he does not identify any racial conduct in his request for removal. His reasons for removal are instead based upon the state court's alleged reliance "upon inaccurate records," counsel's deficient performance, hindrance of his right to access the courts, and a "pattern of ignoring filings and procedural irregularities." ECF No. 1 at 2-3. Plaintiff also suggests the United States Supreme Court's recent decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), is a "newly emergent federal ground[]" supporting removal. *Id.* at 3. Absent any allegation of racially motivated conduct, however, Plaintiff cannot show that removal is permissible under § 1443(1). *See, e.g., Johnson*, 421 U.S. at 219 ("Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice."); *Taylor*, 442 F. App'x at 443 ("Because Taylor has not shown that she relied upon a right that arose under a federal law providing for specific civil rights stated in terms of racial equality, we conclude that this case was not properly removable under § 1443(1)."); *Baker*, 2018 WL 3349699, at *3 (finding that petitioner failed to satisfy first prong of § 1443(1) test where he "only generally argues that his 'constitutional rights' will be violated if his conviction stands").

Plaintiff also fails to allege facts sufficient to show that removal is appropriate under the second prong of the § 1443(1) test. Plaintiff does not identify any facially

7

discriminatory state law or explain how "the very act" of prosecuting Plaintiff necessarily violates his federally protected rights. *Conley*, 245 F.3d at 1299 (holding that petition failed second prong of § 1443(1) test where petitioner failed to demonstrate that state court proceeding "is itself an act by which his equal civil rights have been violated"); *cf. Rachel*, 384 U.S. at 792-94 (holding that petitioners satisfied second prong of § 1443(1) test because federal civil rights statute prohibited state officials from prosecuting petitioners for their conduct, and thus prosecution itself violated petitioners' rights). Plaintiff's claims instead amount to a contention that he was "unable to obtain a fair trial in a particular state court." *Peacock*, 384 U.S. at 827. Such a contention "is not enough to support removal under s 1443(1)." *Id.* Removal is therefore substantively improper as well as procedurally defective.

## CONCLUSION

Because Plaintiff has failed to show that removal is procedurally or substantively appropriate, this action shall be summarily **REMANDED** to the Superior Court of DeKalb County, Georgia. Plaintiff's motions to proceed IFP (ECF Nos. 2, 3) are **DENIED as moot.**

**SO ORDERED**, this 6th day of October, 2025.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT